## IN THE MATTER OF SANFORD SILVERMAN, AN ATTORNEY AT LAW.

Argued June 12, 1979—Decided July 17, 1979.

*Ms. Colette A. Coolbaugh,* Secretary, argued the cause for the Disciplinary Review Board.

*Mr. William C. Slattery* argued the cause for respondent (*Messrs. Rosen, Gelman & Weiss,* attorneys).

PER CURIAM. Respondent is a member of the bar of this State, having been admitted to the practice of law in 1930. In September 1977, he pleaded guilty to one count of a federal indictment charging him with obstruction of justice in violation of Title 18, United States Code, Sections 2 and 1503. The count averred that, in an action in the bankruptcy court brought against a client of respondent's by a trustee in bankruptcy, respondent had filed an answer which

falsely stated that his client had a lawful right to maintain custody of approximately 26 tractors and trailers belonging to the bankrupt firm.

In pleading guilty, respondent admitted his knowledge of the falsity of the answer at the time it was filed and his awareness that an addendum to a lease covering the vehicles had been back-dated to support his client's claim to custody of the vehicles.[1] He was sentenced to a prison term of 18 months and fined $2,000. All but 60 days of the prison sentence were suspended and he was placed on probation for a period of two years from the date of his release.

As a result of the foregoing, this Court, by order dated January 3, 1978, temporarily suspended respondent from the practice of law. A formal statement of charges was filed against respondent by the Essex County Ethics Committee which, following a hearing, filed its presentment in September 1978. The matter came before the Disciplinary Review Board (DRB) at a hearing in January 1979. Its decision and recommendation dated March 3, 1979 found that respondent's conduct was fraught with dishonesty, deceit and misrepresentation and was in violation of DR 7-102(A) (5), (6) and (7) and DR 1-102(A) (4). It recommended that respondent be suspended from the practice of law for a period of two and one-half years.

At the hearings, respondent fully cooperated with the Committee and DRB respectively and admitted that his conduct was unethical and in violation of the disciplinary rules as charged. Before this Court he makes the same admissions.

The sole question before us is the extent of discipline to be imposed. It is undisputed that respondent's conduct con-

---

[1] In fact, when the client's challenge to the summary jurisdiction of the Bankruptcy Court over the trucks was rejected by the bankruptcy judge, respondent prevailed upon his client to return the vehicles to the trustee in bankruptcy. The delay involved a period of approximately six weeks.

stituted a serious transgression of the disciplinary rules. As in all disciplinary matters, the image and reputation of the bar generally have suffered.

On the other hand, respondent has been admitted to the bar for almost 50 years and, aside from this incident, his record is unblemished and his reputation excellent. We are not unmindful of his cooperation with the ethics bodies, his frank admission of guilt and his obvious contrition. No litigant or other person has suffered any loss except for the six-week delay in returning the vehicles to the trustee in bankruptcy. Against this background we view respondent's unethical conduct as an aberration unlikely to be repeated. *In re Sears,* 71 *N. J.* 175 (1976).

Accordingly, we hereby suspend respondent from the practice of law for a period of one and one-half years and until the further order of this Court, the suspension to commence as of January 3, 1978, the date of respondent's original temporary suspension.

So ordered.

*For suspension*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.